# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DESIREÈ BERGERON, LILLIAN FOGARTY, PATRICIA GREMILLION, NATALIE ILLG, MICHELE KRAFT, KEVIN MILLET, and ELIZABETH NELSON, individually and on behalf of others similarly situated, | CIVIL ACTION NO. <br><br> MAGISTRATE |
| *Plaintiffs*, | |
| vs. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| OCHSNER HEALTH SYSTEM and OCHSNER CLINIC FOUNDATION, | |
| *Defendants*. | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Now into Court, through undersigned counsel, come Plaintiffs, Desireè Bergeron ("Ms. Bergeron"), Lillian Fogarty ("Ms. Fogarty"), Patricia Gremillion ("Ms. Gremillion"), Natalie Illg ("Ms. Illg"), Michele Kraft ("Ms. Kraft"), Kevin Millet ("Mr. Millet"), and Elizabeth Nelson ("Ms. Nelson"), persons of the full age of majority domiciled in Eastern District of Louisiana, who on their own behalf and on behalf of those similarly situated (at times hereinafter referred to collectively as "Plaintiffs"), allege as follows:

### I. JURISDICTION AND VENUE

1. This action alleges the violation of rights under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*, (hereinafter "FLSA"). Thus, the predominant action herein gives rise to the jurisdiction in this Court pursuant to 28 U.S.C. §1331. Furthermore, there exist additional state causes of action that arise out of the same transaction or occurrence as the underlying federal cause of action, and this Court has ancillary jurisdiction over these counts pursuant to 28 U.S.C. §1367.

2. Defendants herein, Ochsner Health System and Ochsner Clinic Foundation (hereinafter "Ochsner"), are domiciled in this District. Furthermore, events or omissions giving rise to the instant lawsuit all occurred within the Eastern District of Louisiana where Defendants' main facilities are located. Venue lies in this Court over these claims pursuant to 28 U.S.C. § 1391(b)(l) and (b)(2).

## II. PARTIES

3. Named Plaintiffs are current Certified Registered Nurse Anesthetist employees of Ochsner who seek to assert their claims individually, and on behalf of all of those similarly situated, whether currently employed or whether employed anytime from June 30, 2013 to the present, pursuant to 29 U.S.C. §216.

4. The class of similarly situated employees ("Putative Class Members") includes, but is not limited to, hourly paid employees such as Certified Registered Nurse Anesthetists ("CRNAs"), Registered Nurses ("RNs"), Nurse Practitioners ("NPs"), Licensed Practical Nurses ("LPNs"), Physician Assistants ("PAs"), Patient Care Assistants ("PCAs"), and several other likely employee descriptions. Notice should issue to:

> **ALL INDIVIDUALS WHO ARE CURRENTLY EMPLOYED BY OCHSNER, AND/OR HAVE BEEN EMPLOYED AT ANY TIME FROM JUNE 30, 2013 TO THE PRESENT, WHO HAVE NOT BEEN PAID PROPERLY CALCULATED OVERTIME WAGES UNDER THE FLSA.**

5. Made Defendant herein, Ochsner Health System, is a Louisiana corporation with its principal place of business in the Eastern District of Louisiana, is subject to the FLSA, and may be served through its registered agent CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

6. Made Defendant herein, Ochsner Clinic Foundation, is a Louisiana corporation with its principal place of business in the Eastern District of Louisiana, is subject to the FLSA, and may be served through its registered agent CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

### III.    FACTUAL BACKGROUND

7. Ochsner has numerous current, and former, full-time employees who are compensated hourly for hours worked; however, Ochsner has repeatedly failed to properly calculate and compensate these employees for their overtime wages as required by law.

8. Ochsner failed to properly calculate Plaintiffs' regular hourly rates, on a weekly basis, in one or more of the following ways: failing to include hourly differential night pay, failing to include hourly differential weekend pay, failing to include hourly differential holiday pay, failing to include guaranteed stipends and/or bonus pay, failing to include hourly callback pay, failing to include hourly on-call pay, automatically deducting lunch periods regardless of whether the employee worked through their shift, and any other payments that were to be calculated into the regular rate as required by law but were unlawfully excluded.

9. The hourly employees who make up the Putative Class Members, as described in ¶ 4, are employed at various Ochsner locations.

10. As full-time employees of Ochsner, these employees often exceeded 40 hours per week.

11. Plaintiffs are/were frequently ask to clock during regularly scheduled shifts due to overtime implications.

12. No position held by these hourly employees was at any time exempt from the FLSA. Under the FLSA, Ochsner was required to properly calculate and compensate employees overtime hours at time-and-a-half in excess of their weekly hourly rate for any overtime hours.

13. Despite the obligations owed to their employees under the FLSA, Ochsner repeatedly failed to properly calculate and/or pay these employees as the law required.

14. Ochsner's continued failures to pay properly calculated wages have come at a great cost to Plaintiffs.

15. Ochsner is a repeat offender of the FLSA, and was previously made aware of their overtime violations roughly five (5) years ago.

16. Despite having to pay back wages for its previous violations in around 2011, Ochsner failed to correct its overtime violations of the FLSA.

17. Ochsner was again made aware of its continued violations of the FLSA on or around June of 2016. To date, Ochsner has paid nothing to Plaintiffs to remedy their newest FLSA violations.

18. On or around June 30, 2016, Ochsner admitted to its repeat violations of the FLSA, acknowledged that employees were owed back wages, and notified its employees that these violations would be corrected and information would be provided in "coming weeks." This communication made no mention of the FLSA or any potential rights of the Plaintiffs.

19. Plaintiffs have made several requests for additional information, but Ochsner has asked their employees to sit idly by, only giving vague pieces of information as to the status and correction of their violations.

20. It was around this time, after Ochsner admitted to its violations under the FLSA and while concerns were raised by Plaintiffs, that Ms. Bergeron, Ms. Fogarty, Ms. Gremillion, Ms.

Illg, Ms. Kraft, Mr. Millet, and Ms. Nelson – along with certain other Putative Class Members in the liver transplant unit – were stripped of agreed upon stipends and/or suffered reduced pay contrary to employment agreements.

21. Plaintiffs' questioning of Ochsner's FLSA violations is protected conduct and any adverse employment action is an act of prohibited retaliation under the FLSA as described in 29 U.S.C. § 215(a)(3). *See also* La. R.S. 23:964 and 967.

22. Plaintiffs, Ms. Bergeron, Ms. Fogarty, Ms. Gremillion, Ms. Illg, Ms. Kraft, Mr. Millet, and Ms. Nelson, along with certain other Putative Class Members, were guaranteed their agreed stipends and/or bonuses as part of the promises to become employed, or remain employed, at Ochsner.

23. Ochsner's withholding of these agreed stipends is an unlawful breach of contract between Ochsner and the named Plaintiffs.

24. Ms. Bergeron, Ms. Fogarty, Ms. Gremillion, Ms. Illg, Ms. Kraft, Mr. Millet, and Ms. Nelson, along with other Putative Class Members, detrimentally relied on Ochsner's promise to pay proper wages as well as their agreed upon stipends and/or bonuses.

25. Recently, after several months, Plaintiffs again requested information from Ochsner management on around January 7, 2017 and requested a contact person in payroll for specific information. Again, Ochsner gave a vague response stating that employees should stand by and expect "more information in the next couple of months" and provided no contact information for a contact in payroll.

26. Ochsner has not been forthcoming with any other information as to their most recent FLSA violations, and their deliberate communications have misled Plaintiffs and the Putative Class as to their ability to enforce their rights under the FLSA since at least June 30, 2016.

27. Ochsner deliberately and willfully ignored the law under the FLSA and failed to pay its hourly employees their legally required compensation due.

### IV. COVERAGE UNDER THE FLSA

28. At all times relevant, Ochsner has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

29. At all times relevant, Ochsner has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and has had gross revenues of over $500,000.00.

30. At all times relevant, Ochsner has been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital.

31. At all times relevant, Plaintiffs and all those similarly situated, were individual employees engaged in performing activities within the meaning of 29 U.S.C. § 203(r) as required by 29 U.S.C. § 207.

### COUNT ONE: VIOLATION OF FLSA

32. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

33. Ochsner directed the means and manner in which Plaintiffs were compensated. During the relevant time periods, Ochsner violated, and is violating, the provisions of Section 7 of the FLSA, 29 U.S.C. § 207 and 215(a)(2), by employing employees engaged in commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without properly compensating such employees for their employment in excess of forty (40) hours per week at rates no less than one and one-half the regular rates for which they were employed.

34. Ochsner's failure to properly calculate and pay its employees was done so knowingly, willfully, repeatedly, and/or in reckless disregard in carrying out its illegal pattern or practice. The decision by Ochsner not to properly pay overtime compensation to its hourly employees was neither reasonable, nor in good faith. Accordingly, Plaintiffs and all those who are similarly situated, are entitled to wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorneys' fees, and costs.

35. Plaintiffs and the members of the putative class do not fall within any exemption of the FLSA and were required to be paid according to the dictates of that section.

## COUNT TWO:
## CONVERSION AND MISAPPROPRIATION

36. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

37. Ochsner's actions in withholding monies from employee paychecks, which said employees were owed, amounts to their conversion of funds under Louisiana law. See La. Civ. Code art. 2315.

## COUNT THREE:
## BREACH OF CONTRACT, DETRIMENTAL RELIANCE, AND UNJUST ENRICHMENT

38. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

39. Ochsner has breached its contractual obligations under La. Civ. Code Art. 1994 to Plaintiffs by failing to pay agreed upon, and properly calculated, wages under the FLSA.

40. Named Plaintiffs, Ms. Bergeron, Ms. Fogarty, Ms. Gremillion, Ms. Illg, Ms. Kraft, Mr. Millet, and Ms. Nelson, and several other Putative Class Members, were stripped of their contracted stipends for performing certain medical procedures on behalf of Ochsner.

41. Plaintiffs detrimentally relied on Ochsner's promise to pay proper wages as well as their agreed upon stipends and/or bonuses. La. Civ. Code 1967.

42. Alternatively/additionally, where Ochsner's unlawful actions did not concern those breaches of contractual obligations, as a direct and proximate result of the acts alleged herein, Ochsner wrongfully deprived its employees of substantial wages and assets and were unjustly enriched by their direct receipt and retention of monies earned by the employees, and which were intended to be paid towards their hourly wage. *See* La. Civ. Code Art. 2298.

43. As a result of the actions of the Defendants, Plaintiffs have suffered the following damages, and/or are entitled to the following relief:

   a) Lost back wages;

   b) Lost future wages;

   c) Damages for emotional distress;

   d) Damages for humiliation and embarrassment;

   e) Punitive damages;

   f) Attorneys' fees, and;

   g) Other damages that will be shown at any trial or hearing of this matter.

### COUNT FOUR:
### FAILURE TO PAY WAGES UNDER LA. R.S. 23:621 *ET SEQ.*

44. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

45. Upon termination of an employee's employment, Ochsner failed to pay all due wages to former employees.

46. Ochsner was required to remit all of an employee's overdue wages within fifteen (15) days of termination of their employment.

47. This petition serves as amicable demand for Ochsner to remit all due wages to those who's employment has been terminated. Failure to pay said wages will result in additional penalty wages and attorneys' fees pursuant La. R.S. 23:632.

### COUNT FIVE:
### VIOLATION OF LOUISIANA UNFAIR TRADE PRACTICES ACT ("LUTPA")

48. Named Plaintiffs, Ms. Bergeron, Ms. Fogarty, Ms. Gremillion, Ms. Illg, Ms. Kraft, Mr. Millet, and Ms. Nelson, and several other Putative Class Members who may individually opt-in to assert their rights under this cause of action, incorporate by reference and re-allege each and every allegation contained above as though fully set forth therein.

49. Ochsner's repeated violations of FLSA provisions, spanning several years, represents a practice of knowing and willful behavior at the expense of its employees.

50. Ms. Bergeron, Ms. Fogarty, Ms. Gremillion, Ms. Illg, Ms. Kraft, Mr. Millet, Ms. Nelson, and several other Putative Class Members were lured, through misrepresentations or otherwise, into accepting and/or continuing employment on the basis of agreed upon wages, stipends, bonuses, etc. Ochsner has unilaterally withheld these wages, or otherwise altered these agreements, to the detriment and substantial injury of Plaintiffs, and in violation of LUTPA.

### V. COLLECTIVE ACTION ALLEGATIONS

51. Countless employees have been damaged by this pattern, practice and/or policy which constituting a willful violation of the FLSA. Named Plaintiffs have all been paid in the same or similar manner and were not properly compensated as required by the FLSA. Plaintiffs and Putative Class Members were all hourly employees of Ochsner's several locations, were at all times covered by the FLSA, and were all improperly paid by Ochsner.

52. The Putative Class Members damaged by Ochsner's unlawful compensation practices are similarly situated in terms of holding specialized licenses, hourly hospital

employment, pay provisions, and being subjected to illegal employment practices and calculation of wages as described above in Section III.

53. Ochsner's failure to pay properly calculated wages, as required by the FLSA, results from a generally applicable systematic policy and/or practice which is not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

54. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

55. Based on nature of Ochsner's violations, and the facts and circumstances surrounding their communications to employees, Putative Class Members should be notified of this action, given the chance to join pursuant to 29 U.S.C. § 216(b), and be allowed to equitably toll the limitations period.

## VI. RELIEF SOUGHT

56. WHEREFORE, Plaintiffs pray for a judgment against Defendants, Ochsner Health System and Ochsner Clinic Foundation, as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

    b. For an Order allowing this Action to proceed as a Collective Action under the

FLSA, and immediate Notice be sent to those affected Putative Class Members to properly inform them of their rights;

c. For an Order tolling the statute of limitations on Plaintiffs' FLSA claims (and those who have joined in the suit) to June 30, 2016;

d. For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

e. For an Order awarding Plaintiffs (and those who have joined in the suit) their attorneys' fees;

f. For an Order awarding Plaintiffs unpaid benefits and compensation in connection with the FLSA violations;

g. For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowable by law;

h. Any compensatory and punitive damages as called for in the FLSA;

i. All relief as allowed under applicable Louisiana law, including penalty wages and attorneys' fees pursuant La. R.S. 23:632, and all damages allowed by law related to claims for conversion, breach of contract, detrimental reliance, unjust enrichment, and/or violations of the Louisiana Unfair Trade Practices Act, including attorneys' fees and costs where appropriate; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

## VII. DEMAND FOR TRIAL BY JURY

57. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Respectfully Submitted:

By: _____
**Kenneth C. Bordes (Bar #35668)**
**KENNETH C. BORDES,**
**ATTORNEY AT LAW, LLC**
4224 CANAL ST.
NEW ORLEANS, LA 70119
P: 504-588-2700
F: 504-708-1717
E: KCB@KENNETHBORDES.COM

*Attorney for Plaintiffs*